IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAMIEN FREEMAN, | ) | CASE NO. 1:17 CV 1368 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is Damien Freeman's *pro se* petition for a writ of habeas corpus

under 28 U.S.C. § 2254.[2]  Before filing a return of the writ, the State has filed a motion to

dismiss,[3] which Freeman has opposed.[4]  For the reasons stated below, I will recommend

granting the State's motion and dismissing Freeman's petition.

## Facts

The facts relevant to the motion are not extensive nor disputed.  Freeman pleaded

guilty to murder in 2001 and was sentenced to a term of fifteen years to life, as well as to

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
James S. Gwin in a non-document entry dated July 12, 2017.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

post-release control.[5]  Approximately eight months later, Freeman filed a motion with the

Ohio appeals court to withdraw his plea and file a delayed appeal, with an additional request

for the appointment of counsel.[6]  In September 2002, the appeals court denied the motions[7]

and dismissed the appeal.[8]

In 2004, the docket sheet indicates that Freeman then filed three separate motions with

the Ohio appeals court to withdraw his guilty plea.[9]  The Ohio appeals court appears to have

dismissed the last of these motions to withdraw.[10]

In September 2015 – over 10 years since the state court had denied Freeman's last

attempts to withdraw his plea in 2004 – Freeman filed a *pro se* motion in the trial court to

vacate his conviction and sentence.[11]  The trial court denied the motion[12] and Freeman

appealed.[13]  The appellate court on December 15, 2016 then affirmed the conviction but

remanded the matter to the trial court for a *nunc pro tunc* entry removing the imposition of

---

[5] ECF # 9, Ex. 2 (state record) at 6.

[6] *Id*. at 7, 10.

[7] *Id*. at 13.

[8] *Id*. at 14.

[9] *See id*. at 190.

[10] *Id.* at 22.

[11] *Id*. at 23.

[12] *Id*. at 60.

[13] *Id*. at 72.

post-release control from Freeman's sentence.[14]  On May 31, 2017, the Ohio Supreme Court

declined jurisdiction[15] over Freeman's appeal from the decision of the appellate court.[16]

The present petition for federal habeas relief was filed on June 28, 2017.[17]

## Analysis

In its motion to dismiss, the State maintains that the petition is untimely.  Specifically,

the State initially contends that the petition was filed well beyond the running of the one-year

limitations period.[18]  It argues that the one-year period certainly expired "at some point

within the decade [2004 (dismissal of motions for to withdraw the guilty plea) to 2015

(motion to vacate sentence)] where there was no activity from Freeman," and was not revived

by the Ohio appeals court decision in 2015 that remanded his case to the trial court for

purposes of entering a *nunc pro tunc* order deleting post-release controls from his sentence.[19]

For his part, Freeman asserts that he received a new sentence in 2015.  Therefore,

under the authority of *In re Stansell,*[20] and more particularly *Crangle v. Kelly,*[21] he claims

---

[14] *Id*. at 145.

[15] *Id.* at 190.

[16] *Id*. at 155.

[17] ECF # 1.

[18] ECF # 9 at 14.

[19] *Id*. at 15.

[20] *In re Stansell*, 828 F.3d 412 (6th Cir. 2016 ).

[21]  *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).

that the new sentence imposed after the 2015 remand gave him a fresh one-year limitations period during which to challenge the underlying conviction and sentence.[22]

The Sixth Circuit recently addressed a highly analogous situation in *Cortez v. Warden*.[23] There, the habeas petitioner had received a new sentence that only removed his sex-offender designation.[24] As here, the petitioner filed for habeas relief on the premise that this new sentence afforded him a fresh one-year limitations period.[25] The Sixth Circuit stated:

> In *Crangle*, this court held that a new sentence restarts the one-year statute of limitations on the underlying judgment in § 2254 cases. However, *Crangle* noted an important caveat in cases involving limited resentencings – only "[a] new, worse-than-before sentence . . . amounts to a new judgment." A limited resentencing that benefits the prisoner does not. Thus, even assuming that Cortez did in fact receive a revised sentence removing his sex offender designation, it would undoubtedly have been of benefit to him, as it had only the potential to remove requirements, not to impose new restrictions on his liberty. Therefore, because Cortez did not receive a new judgment for purposes of reviving the statute of limitations, reasonable jurists would not disagree that Cortez's petition was time-barred.[26]

Based on the clear mandate of *Cortez*, although Freeman undoubtedly received a new sentence in 2015, that sentence – which removed post-release controls from the sentence – was obviously one which was solely of benefit to Freeman and added nothing that would

---

[22] ECF # 10 at 9.

[23] *Cortez v. Warden*, No. 17-3530, 2018 WL 2382456 (6th Cir. Feb. 16, 2018).

[24] *Id.* at *2.

[25] *Id.*

[26] *Id.* (internal citations omitted).

-4-

create greater restrictions on his liberty. Thus, the limited, beneficial resentencing in 2015 did not serve to restart the one-year limitations period which, as noted above, had long expired prior to Freeman's filing of his current petition in 2017.

## Conclusion

Accordingly, for the reasons stated, the State's motion to dismiss[27] should be granted and Freeman's petition for federal habeas relief[28] should be dismissed as untimely.


Dated: July 30, 2018                                              s/ William H. Baughman, Jr.
                                                                 United States Magistrate Judge

---

[27] ECF # 9.

[28] ECF # 1.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[29]

---

[29] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).