UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

| | : | |
|---|---|---|
| DAMIEN FREEMAN, | : | CASE NO. 1:17-CV-1368 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 1] |
| WARDEN LYNEAL WAINWRIGHT, | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 11, 2001, Petitioner Damian Freeman plead guilty to the murder of eleven-month-old Ciera Freeman and an Ohio court sentenced him fifteen years to life. Proceeding *pro se*, on June 28, 2017, he petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The State filed a motion to dismiss,[2] which Freeman opposed.[3] Magistrate Judge William H. Baughman Jr. recommends denying his petition,[4] and Freeman objects.[5]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Baughman's Report and Recommendation, and **DENIES** the Petition.

## I. Background

Freeman's Petition to vacate a 2001 conviction raises obvious statute of limitations issues. A habeas petition filed under § 2254 is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).

---

[1] Doc. 1.
[2] Doc. 9.
[3] Doc. 10.
[4] Doc. 11.
[5] Doc. 13.

Case No. 1:17-CV-1368
Gwin, J.

In September 2001, a Cuyahoga County Grand Jury indicted Petitioner Freeman for felony murder,[6] felonious assault,[7] and endangering children.[8] The indictment came after the August 23, 2001 death of 11-month-old Ciera Freeman.[9] On December 11, 2001, Freeman pled guilty to the felony murder count and the Cuyahoga Court of Common Pleas nolled[10] the other two counts. The court then sentenced Freeman to an indeterminate sentence of fifteen years to life and a term of post-release control.[11]

On August 7, 2002, Freeman moved the Cuyahoga Court of Common Pleas to withdraw his plea and appeal his conviction;[12] the Court of Appeals of Ohio denied this motion in September of 2002.[13] In March and July of 2004, Freeman moved again to withdraw his guilty plea under Ohio Rule of Criminal Procedure 32.1. These motions were denied, and the Eighth Appellate District of the Court of Appeals of Ohio dismissed his appeal *sua sponte* on April 15, 2005.[14] Freeman did not appeal this Court of Appeals dismissal decision.

On September 15, 2015, Freeman filed a *pro se* motion with the Cuyahoga Court of Common Pleas to vacate his conviction and sentence.[15] On October 15, 2015, the court denied Freeman's motion.[16] Freeman appealed; on December 15, 2016, the Eighth Appellate District of the Court of Appeals of Ohio affirmed his conviction.[17] However, the court held that the trial court's imposition of post-release control was improper, and directed the trial court to enter a *nunc pro tunc* order removing the imposition of post-release control.[18] Otherwise, the Ohio Court of

---

[6] O.R.C. 2903.02(B)
[7] O.R.C. 413757
[8] O.R.C. 2919.22
[9] *See* Doc. 9-2 (state court record) at 1-3.
[10] "[T]o abandon (a suit or prosecution); to have (a case) dismissed by a *nolle prosequi*." *Black's Law Dictionary* (8th ed. 2004).
[11] Doc. 9-2 at 6.
[12] *Id.* at 7.
[13] *Id.* at 14.
[14] *Id.* at 22.
[15] *Id.* at 23.
[16] *Id.* at 60.
[17] *Id.* at 150.
[18] *Id.*

Case No. 1:17-CV-1368
Gwin, J.

Appeals affirmed the 2001 sentence. On December 27, 2016, the Court of Common Pleas journalized this *nunc pro tunc* order, vacating his original sentence and replacing it with an order that did not include post-release control.[19]

Freeman appealed the appeals court's decision to the Ohio Supreme Court. On May 31, 2017, the Ohio Supreme Court declined to exercise jurisdiction over the appeal.[20]

Freeman filed his habeas petition with the Court on June 28, 2017.[21]

In a July 30, 2018 Report and Recommendation, Magistrate Judge Baughman recommended that the Court dismiss Freeman's petition as untimely, because it was filed beyond the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1). Petitioner objected.

## II. Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have objected.[22]

Freeman raises two objections to Magistrate Judge Baughman's Report and Recommendation. First, he argues that the December 27, 2016 *nunc pro tunc* order qualifies as a new judgment re-starting 28 U.S.C. § 2244(d)(1)(A)'s one-year statute of limitations, making his petition timely. Second, he argues that the *nunc pro tunc* order was unlawful because it substantively changed his sentence.

Petitioner's first objection is overruled. Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for federal habeas relief began to run when "the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Under this provision, the one-year limitations period began to run—at the latest—in 2005, when the time to appeal the Court of Appeal's denial of his motion to withdraw his guilty plea

---

[19] *Id.* at 152.
[20] Doc. 1-2.
[21] Doc. 1.
[22] *See* 28 U.S.C. § 636(b)(1).

Case No. 1:17-CV-1368
Gwin, J.

expired.[23]

Petitioner, relying on the Sixth Circuit's decision *Crangle v. Kelly*,[24] argues that the *nunc pro tunc* order modifying his sentence is a new judgment reviving the statute of limitations.[25] However, the *Crangle* court noted that resentencings which benefit the petitioner "do not disturb the final underlying initial judgment, which continues to 'constitute[] a final judgment.'"[26] And in *Cortez v. Warden Chillicothe Correctional Institution*, the Sixth Circuit held that resentencings which remove post-conviction sentencing provisions do no restart the statute of limitations for habeas relief.[27]

Freeman's second objection is also overruled. His objection to the entry of the *nunc pro tunc* order seemingly turns on the idea that the order was used improperly, because it altered the substantive terms of his sentence instead of correcting a clerical error.[28] Whatever the merits of this argument, it does not allege an injury. Invalidating the *nunc pro tunc* order would not benefit Freeman, as the order vacated the portion of his original sentence that imposed post-release supervision.

Freeman's petition also raises arguments regarding the substantive sufficiency of his guilty plea under state law. Even if Freeman's petition were not time-barred, the Court could not consider these arguments because they do not raise constitutional claims.[29] Furthermore, the 2016 Ohio Court of Appeals decision considered and rejected Freeman's claims regarding the legal sufficiency

---

[23] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' [for the purposes of § 2244(d)(1)(A)] on the date that the time for seeking such review expires.").
[24] 838 F.3d 673 (6th Cir. 2016).
[25] *See Crangle*, 838 F.3d at 680 (*nunc pro tunc* order imposing post-release control materially increased restrictions on petitioner's liberty, and thus constituted a new sentence resetting one-year statute of limitations under § 2244(d)(1)(A)).
[26] *Id.* at 678 (alteration in original) (quoting 18 U.S.C. § 3582(b)).
[27] *Cortez v. Warden Chillicothe Corr. Inst.*, No. 17-3530, 2018 WL 2382456, at *2 (6th Cir. Feb. 16, 2018) (order removing requirement that petitioner register as a sex offender does not restart statute of limitations).
[28] He did not raise this argument in his petition, and Magistrate Judge Baughman did not discuss it in his Report and Recommendation.
[29] *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Although couched as a claim about the effectiveness of his counsel, Freeman's petition challenges the legal sufficiency of his plea and not the assistance of his lawyer.

of his plea.[30]

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Freeman's petition for a writ of habeas corpus.

IT IS SO ORDERED

Dated: September 10, 2018        *s/     James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[30] *See* Doc. 9-2 at 149. *See also Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005) (federal court may not grant writ on the grounds that state court erred in interpretation of its own law).